UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KHAALID ADAM ABDULKADIR,<br><br>Defendant. | 0:15-MJ-00984-KES-VLD<br><br>ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF RULE 16(A) AND *BRADY* MATERIAL<br><br>[DOCKET NO. 23] |

In this case pending in the District of Minnesota, the Honorable Karen E. Schreier of the District of South Dakota was appointed to preside over this case. See Docket No. 9. This magistrate judge was also appointed to assist Judge Schreier. See Docket No. 32.

Defendant Khaalid Adam Abdulkadir filed a motion seeking immediate disclosure from the government of seven (7) enumerated categories of information or documents. See Docket No. 23. Mr. Abdulkadir asserts that these discovery requests are made pursuant to FED. R. CRIM. P. 16, Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). In addition, Mr. Abdulkadir asks for an order that all trial exhibits be exchanged at least eight (8) weeks prior to the start of trial in this matter.

The district court's scheduling and case management order requires that, prior to filing a motion for discovery, counsel for the parties will confer with opposing counsel in an attempt to resolve the issue first. See Docket No. 14 at ¶ 3. Mr. Abdulkadir's motion is silent as to whether this prerequisite has been

satisfied. The court's order also states that if the defendant requests disclosure pursuant to Rule 16(a), the defendant will, upon request of the government, comply with Rule 16(b). Mr. Abdulkadir's motion is silent, also, as to the status of this issue. Finally, the district court's order already requires the government to "timely" provide Brady and Giglio material. Mr. Abdulkadir's motion does not address this requirement or offer any explanation why the district court's scheduling order is not adequate in his case.

The government responded to the motion by stating that it understands its obligations under Rule 16, Brady, and Giglio and that it will disclose required evidence and information to Mr. Abdulkadir in accordance with its obligations under these laws. See Docket No. 37. Id. The government does not address Mr. Abdulkadir's request for exchange of trial exhibits 8 weeks before trial.

It is customary for the district court to order exchange of exhibits on the Friday before a Tuesday start of a criminal trial. In more complex, document-intensive cases, earlier exchanges have sometimes been ordered a week or two weeks before trial. This request has to do with the handling and conduct of the trial in this matter, a matter best reserved for the district court who will try this case. Additionally, the posture of this case is pre-indictment at the present time, so whether this case will present a complex or document-intensive trial is not yet known. Accordingly, it is hereby

ORDERED that the motion for disclosure of Rule 16(a), Brady, and Giglio evidence [Docket No. 23] by defendant is denied. The motion for exchange of

trial exhibits 8 weeks prior to the start of trial is denied without prejudice to Mr. Adbulkadir's ability to raise this issue again when the outlines of the trial are more apparent to both court and litigants alike.

    DATED December 31, 2015.

                                BY THE COURT:

                                VERONICA L. DUFFY
                                United States Magistrate Judge