UNITED STATES DISTRICT COURT

DISTRICT OF MINNESOTA

| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KHAALID ADAM ABDULKADIR,<br><br>Defendant. | 0:15-MJ-00984-KES-VLD<br><br>ORDER DENYING DEFENDANT'S MOTION FOR DISCLOSURE OF CONFIDENTIAL INFORMANT INFORMATION<br><br>[DOCKET NO. 21] |
|---|---|

**INTRODUCTION**

In this case pending in the District of Minnesota, the Honorable Karen E. Schreier of the District of South Dakota was appointed to preside over this case.  See Docket No. 9.  This magistrate judge was also appointed to assist Judge Schreier.  See Docket No. 32.

Defendant Khaalid Adam Abdulkadir filed a motion seeking immediate disclosure from the government of the names and addresses of any confidential informants or cooperating individuals (collectively "CIs") who worked with or were used by the government in their investigation of his case if:  (1) such CI actively participated in the offenses charged, (2) were witnesses to the offenses charged, or (3) if the identities would otherwise be useful to the defendant.  See Docket No. 21.  Mr. Abdulkadir asserts that these discovery requests are made pursuant to Rovario v. United States, 353 U.S. 53, 61 (1957); United States v. Kitchen, 480 F.2d 1222, 1223 (8th Cir. 1973); and Devose v. Norris, 53 F.3d 201, 206-07 (8th Cir. 1995).  Defendant also seeks an order making the CIs

available for interview by his counsel, and to disclose numerous categories of information about each CI, such as other cases they have worked in, their criminal histories, compensation given to them, etc.

The district court's scheduling and case management order requires that, prior to filing a motion for discovery, counsel for the parties will confer with opposing counsel in an attempt to resolve the issue first. See Docket No. 14 at ¶ 3. Mr. Abdulkadir's motion is silent as to whether this prerequisite has been satisfied.

The government responded to the motion by stating a CI was responsible for first alerting law enforcement to Mr. Abdulkadir's communications at issue in this case. If the government decides to call any CI as a witness at trial in this matter, it will disclose to Mr. Addulkadir the identity of that CI/witness. As for right now, in the pre-indictment posture of the case, the government resists Mr. Abdulkadir's motion.

## DISCUSSION

In Rovario v. United States, 353 U.S. 53 (1957), the Supreme Court recognized the "informer's privilege," that is, the government's privilege "to withhold from disclosure the identity of persons who furnish information of violations of law to officers charged with enforcement of that law." Id. at 59. The Supreme Court provided the following rationale for the privilege:

> The purpose of the privilege is the furtherance and protection of the public interest in effective law enforcement. The privilege recognizes the obligation of citizens to communicate their knowledge of the commission of crimes to law-enforcement officials and, by preserving their anonymity, encourages them to perform that obligation.

2

Id.

The Court carved out a number of exceptions to the privilege in accordance with its underlying purpose. Id. at 60. First, the contents of a communication between an informant and law enforcement are not privileged when the contents "will not tend to reveal the identity of an informer." Id. Secondly, the privilege is no longer applicable once law enforcement discloses the identity of the informant. Id.

A third limitation "arises from the fundamental requirements of fairness" and stems from the defendant's need to prepare an adequate defense. Id. at 61, 62. "Where the disclosure of an informer's identity, or of the contents of his communication, is relevant and helpful to the defense of an accused, or is essential to a fair determination of a cause, the privilege must give way." Id. at 60-61. The Eighth Circuit has provided the following guidance on determining when disclosure is appropriate:

> While there is no litmus test for determining when disclosure is required, we have held that perhaps the most important factor for a court in this circumstance to consider is whether the [confidential informant's] information is material to the defense. "[E]vidence is material only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." Consequently, "disclosure is typically not required when the informant merely convey[s] information to the government but neither witness[es] nor participat[es] in the offense."

United States v. Lapsley, 334 F.3d 762, 764 (8th Cir. 2003) (additional citations omitted).

> In determining whether disclosure is required, the threshold issue is whether the informant is a material witness. Disclosure of the

3

>confidential informant is not mandated "unless it is vital to a fair trial."  "Where the witness is an active participant or witness to the offense charged, disclosure will almost always be material to the accused's defense."  However, if the informant acts as a mere " 'tipster,' i.e., a person who merely conveys information but does not witness of participate in the offense," disclosure is not required.  The defendant has the burden of showing materiality, which "requires more than speculation that the evidence an informant may provide will be material to overcome the government's privilege to withhold the identity of the informant."

Carpenter v. Lock, 257 F.3d 775, 779 (8th Cir. 2001) (additional citations omitted); see also United States v. Crenshaw, 359 F.3d 977, 1005 (8th Cir. 2004) (quoting United States v. Moore, 129 F.3d 989, 992 (8th Cir. 1997)) ("However, '[i]t is well established that in 'tipster' cases, where the informant is not a necessary witness to the facts, disclosure of the informant is not required.' "); United States v. Gonzalez-Rodriguez, 239 F.3d 948, 951 (8th Cir. 2001) ("A defendant bears the burden of demonstrating that disclosure is material to the outcome of his case; in other words, that disclosure is vital to ensure a fair trial.").

The defendant bears the burden of demonstrating a need for the disclosure of a confidential informant's identity.  Lapsley, 334 F.3d at 763; United States v. Wright, 145 F.3d 972, 975 (8th Cir. 1998).  "The court must weigh 'the defendant's right to information against the government's privilege to withhold the identity of its confidential informants.' " Lapsley, 334 F.3d at 763-64 (quoting United States v. Fairchild, 122 F. 3d 605, 609 (8th Cir. 1997)) (additional citation omitted).  Rather than establishing a "fixed rule" on the issue of disclosure, the Supreme Court has adopted a balancing test, weighing "the public interest in protecting the flow of information against the individual's

right to prepare his defense," and taking into account "the crime charged, the possible defenses, the possible significant of the informer's testimony, and other relevant factors." Rovario, 353 U.S. at 628-29.

Here, Mr. Abdulkadir has not carried his burden of showing an immediate need for disclosure of any CI's identity. No specific facts or circumstances are alleged. Certainly if a CI is going to testify at trial, the government must disclose its identity, a fact the government acknowledges. Similarly, if a CI participated in the offense or was a direct eye-witness to the offense, defendant may carry the burden of showing a need for disclosure—for trial. However, the court notes that the posture of this case is pre-indictment. The government's witnesses at trial are not known at this point—probably even to the government. Accordingly, the court denies defendant's motion at this juncture.

## CONCLUSION

Based on the foregoing, the court hereby denies defendant Khaalid Adam Abdulkadir's motion for disclosure of identity of confidential informants [Docket No. 21]. Mr. Abdulkadir may renew this motion at a later time if facts develop which make such a motion appropriate.

DATED December 31, 2015.

BY THE COURT:

_____
VERONICA L. DUFFY
United States Magistrate Judge